Michael J. McCue (Nevada Bar #6055)
Jonathan W. Fountain (Nevada Bar #10351)
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200 (phone)
(702) 949-8398 (facsimile)
mmccue@lrlaw.com
jfountain@lrlaw.com

Of Counsel:
Peter B. Bensinger, Jr.
Adam K. Mortara
Matthew R. Ford
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street
Chicago, Illinois 60654
(312) 494-4400 (phone)
(312) 494-4440 (facsimile)
peter.bensinger@bartlit-beck.com
adam.mortara@bartlit-beck.com
matthew.ford@bartlit-beck.com

Paul J. Skiermont
SKIERMONT PUCKETT LLP
2200 Ross Ave., Suite 4301W
Dallas, Texas 75201
(214) 978-6600 (phone)
(214) 978-6601 (facsimile)
paul.skiermont@skiermontpuckett.com

*Attorneys for Plaintiffs/Counterdefendants
Bayer Schering Pharma AG and Bayer
HealthCare Pharmaceuticals Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Bayer Schering Pharma AG & Bayer HealthCare Pharmaceuticals Inc., <br><br> Plaintiffs/Counterdefendants, <br><br> v. <br><br> Mylan Pharmaceuticals Inc., Mylan Inc., and Famy Care Ltd., <br><br> Defendants/Counterclaimants. | No. 2:11-cv-00604-KJD-CWH <br><br> **ORDER STAYING ACTION PENDING APPEALS** |

-1-

WHEREAS, Bayer is the owner of, among others, U.S. Reissue Patent No. 37,564; (the "Patent-In-Suit"), and is the holder of an FDA-approved New Drug Application No. 21-676 for YAZ® brand tablets for the prevention of pregnancy in women who elect to use an oral contraceptive and the treatment of acne and premenstrual dysphoric disorder;

WHEREAS, on November 5, 2007, Bayer filed Civil Action No. 2:07-cv-01472 in this Court against Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. ("Watson") alleging infringement of, among others, the Patent-In-Suit, based on Watson's submission to the FDA of an Abbreviated New Drug Application ("ANDA") seeking permission for the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of Bayer's YAZ® tablets;

WHEREAS, on August 1, 2008, Bayer filed Civil Action No. 2:08-cv-00995 in this Court against Sandoz, Inc. ("Sandoz") alleging infringement of, among others, the Patent-In-Suit, based on Sandoz's submission to the FDA of an ANDA seeking permission for the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of Bayer's YAZ® tablets;

WHEREAS, on November 4, 2008, United States District Judge Roger L. Hunt entered an order granting Bayer's motion to consolidate the foregoing actions under Civil Action No. 2:07-01472 (hereinafter the "Watson/Sandoz Action");

WHEREAS, on July 15, 2010, Bayer filed Civil Action No. 2:10-cv-01166 in this Court against Lupin Ltd. and Lupin Pharmaceuticals, Inc. ("Lupin") alleging infringement of, among others, the Patent-In-Suit based upon Lupin's submission to the FDA of an ANDA seeking permission for the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of Bayer's YAZ® tablets (hereinafter the "Lupin Action");

WHEREAS, on April 19, 2011, Bayer filed this action (the "Mylan Action") against Mylan Pharmaceuticals, Inc., Mylan Inc., and Famy Care Ltd. alleging infringement of the Patent-In-Suit based upon the submission to the FDA of an ANDA seeking permission for the commercial manufacture, use, offer for sale, sale and/or importation of a generic version of Bayer's YAZ® tablets ("the ANDA Product");

1   WHEREAS, this action involves the same patent-in-suit as the Watson/Sandoz Action and
2   the Lupin Action;

3   WHEREAS, in the Watson/Sandoz Action, on March 30, 2012, this Court granted Bayer's
4   motion for summary judgment finding that the Patent-In-Suit was both valid and enforceable
5   against Watson and Sandoz (No. 07-1472, Dkt. No. 333);

6   WHEREAS, the Court entered Watson and Sandoz's motion for partial final judgment on
7   May 29, 2012 (No. 07-1472, Dkt. No. 354);

8   WHEREAS, in the Lupin Action, on March 30, 2012, the Court granted Bayer's motion
9   for summary judgment finding that the Patent-In-Suit was both valid and enforceable against
10  Lupin (No. 10-1166, Dkt. No. 106);

11  WHEREAS, Watson, Sandoz, and Lupin have appealed the Court's judgment that the
12  Patent-In-Suit is not invalid as obvious to the United States Court of Appeals for the Federal
13  Circuit (No. 07-1472, Dkt. Nos. 341-342, 355-356; No. 10-1166, Dkt. No. 112);

14  WHEREAS, these appeals (all concerning the same patent and the same issues) are
15  currently pending before the United States Court of Appeals for the Federal Circuit in Case Nos.
16  2012-1397, 2012-1398, 2012-1400, and 2012-1424 (the "Pending Appeals"); and

17  WHEREAS, Plaintiffs Bayer Schering Pharma AG and Bayer HealthCare
18  Pharmaceuticals, Inc. (collectively "Bayer"), on the one hand, and Defendants Mylan
19  Pharmaceuticals, Inc., Mylan Inc., and Famy Care Ltd. (collectively "Defendants"), on the other
20  hand, have jointly moved the Court to stay this action pending the Federal Circuit's resolution of
21  Watson's, Sandoz's, and Lupin's appeals to the Federal Circuit of judgments issued by the Court
22  holding that the patent at issue in this case is valid and enforceable and not obvious;

23  It is **HEREBY ORDERED:**

24  1.   This action is stayed in its entirety pending resolution of the Pending Appeals by
25  the Federal Circuit, including any subsequent appeals of the Federal Circuit's decision to the
26  United States Supreme Court.  The stay of this action shall have no effect on any statutory stay of
27  FDA approval of ANDA No. 20-2594 imposed under the Hatch Waxman Act, 21 U.S.C. §
28  355(j)(5)(B)(iii).

2. All of Defendants' counterclaims are hereby stayed in their entirety pending resolution of the pending appeals by the Federal Circuit, including any subsequent appeals of the Federal Circuit's decision to the United States Supreme Court.

3. Notwithstanding the foregoing, Bayer or Defendants may move to lift the stay of this action for good cause shown, which includes: (a) settlement or any other type of stipulated, consent or otherwise agreed final judgment with or without a ruling on the merits as to any defendant in the pending appeals; (b) an actual or threatened launch by Defendants of the ANDA Product; and (c) any other circumstance which, in the District Court's judgment, renders enforcement of this stipulation unjust or inequitable.

4. Should the stay of this action be lifted, the parties shall complete discovery and amend the remaining case schedule to avoid further delay such that this action will not be otherwise affected by this stay, to the extent practicable.

5. Bayer and Defendants shall confer regarding any issues remaining in the case after the resolution of the Pending Appeals.

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT JUDGE

DATED: October 5, 2012